UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| ALLY FINANCIAL INC., et al., | ] |
| | ] |
|     Plaintiffs, | ] |
| | ] |
|     vs. | ]  6:10-CV-00779-LSC |
| | ] |
| WESLEY GOODSON CHRYSLER | ] |
| DODGE JEEP LLC, et al., | ] |
| | ] |
|     Defendants. | ] |

consolidated with

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] |
| | ] |
|     Plaintiff, | ] |
| | ] |
|     vs. | ]  6:11-CV-00952-LSC |
| | ] |
| CURRENCY, $9,360.95 in U.S. | ] |
| Currence on deposit in account | ] |
| number XXXX60-10, et al., | ] |
| | ] |
|     Defendants. | ] |

MEMORANDUM OF OPINION



I.      Introduction.

The Court has for consideration a motion to dismiss counterclaim, which was filed on January 20, 2011, by Plaintiff Ally Financial, Inc., as assignee of Ally Bank ("Ally"), formerly GMAC Bank. (Doc. 91.)[1] Ally sued Wesley Goodson Chrysler Dodge Jeep, LLC ("Dealer"), on March 31, 2010, seeking replevin and damages under a Master Wholesale Agreement and Inventory Financing and Security Agreement. (Doc. 1.) Ally subsequently amended the complaint to add claims against Robert Wesley Goodson, individually. (Doc. 9.) Nissan Motor Acceptance Corporation ("Nissan") moved to intervene as a plaintiff on April 16, 2010 (Doc. 23), and that motion was granted on April 29, 2010. Ally then filed a Second Amended Complaint on May 27, 2010, which added new defendants Wesley Goodson Management Company, LLC ("WGMC"), Garve W. Ivey, Jr., and Sherry Goodson. (Doc. 40.) Robert Wesley Goodson filed a suggestion of bankruptcy on April 13, 2010. When Plaintiffs failed to obtain relief from

---

[1]All references to document numbers refer to documents filed in the lead case, 6:10-CV-00779-LSC.

the bankruptcy stay, the actions against Robert Wesley Goodson as an individual were dismissed without prejudice on June 24, 2010. (Doc. 48.)

The counterclaim at issue ("the Counterclaim") was filed by Dealer and WGMC, on December 30, 2010. (Doc. 81.) Dealer and WGMC allege that Ally is liable for fraud, suppression, conversion, negligence, wantonness, breach of contract, abuse of process, and unjust enrichment under Alabama law. In its motion to dismiss, Ally contends that the Counterclaim is untimely and fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). The issues raised in Ally's motion to dismiss have been briefed by the parties and are ripe for review. However, Ally filed a motion to strike the Counterclaim or, in the alternative, motion for judgment on the pleadings on May 3, 2011.[2] The motion to strike raises a new argument for dismissal of the Counterclaim: Ally contends that Dealer and WGMC did not have the authority to file a counterclaim because their sole member, Robert Wesley Goodson, was in bankruptcy. This motion, too, has been briefed by the parties and is ripe for review. After full consideration of both motions,

---

[2]Ally filed a motion to strike and an amended motion to strike on the same day. (Docs. 119, 120.) Due to the filing of the amended motion, the first motion to strike (Doc. 119) is deemed MOOT.

Ally's motion to strike will be denied and its motion to dismiss will be granted in part and denied in part.

II.   Analysis.

　　A.   Timeliness.

Ally first argues that the Counterclaim is compulsory and should have been filed in a responsive pleading, pursuant to Federal Rule of Civil Procedure 13(a)(1).  Ally contends that the Court should not grant leave to file the Counterclaim out of time because discovery and other related deadlines would need to be extended.  (Doc. 91 at 3-4.)  Dealer and WGMC maintain that the Counterclaim is not untimely because it is not a compulsory counterclaim.  (Doc. 97 at 3-5.)

It is unnecessary for the Court to decide whether the Counterclaim is compulsory or permissible.  Assuming it is compulsory, the Court construes the filing of the Counterclaim as a motion to amend Dealer and WGMC's answer, which is GRANTED.  Since the time of the Counterclaim's filing, the parties have found it necessary to extend discovery deadlines for other reasons; those requests have been granted.  Ally has not established any prejudice will result by allowing the purportedly untimely filing.

B.     Bankruptcy Concerns.

Ally further contends that the Court should strike the Counterclaim under Federal Rule of Civil Procedure 12(c) or 12(f) because it was filed "without proper authorization or authority." (Doc. 120 at 5.) The Counterclaim was filed after Robert Wesley Goodson ("Goodson") filed his Chapter 7 Petition with the U.S. Bankruptcy Court for the Northern District of Alabama. It is undisputed that Goodson owns 100% of the membership interests in Dealership and WGMC. Ally specifies that it is not taking the position that the Counterclaim is an asset of Goodson's bankruptcy estate. However, Ally argues that because Goodson owned 100% of the membership interests in Dealer and WGMC, the trustee for Goodson's bankruptcy estate ("the Trustee") steps into Goodson's shoes and was the only one with the authority to authorize filing a counterclaim on behalf of the companies. (Doc. 120 at 2.)

Under section 541 of the U.S. Bankruptcy Code, "all legal or equitable interests of the debtor *in property* as of the commencement of the case" are included in the property of the bankruptcy estate. 11 U.S.C. § 541(a)(1) (emphasis added). "While the question of 'whether a debtor's interest

constitutes "property of the estate" is a federal question . . . the nature and existence of the [debtor's] right to property is determined by looking at state law.'" *In re Builders Transport, Inc.*, 471 F.3d 1178, 1185 (11th Cir. 2006) (quoting *In re Lewis*, 137 F.3d 1280, 1283 (11th Cir. 1998)). "When that state law determination is made, 'federal bankruptcy law [then] dictates to what extent that interest is property of the estate.'" *Id.* (quoting *In re Thomas*, 883 F.2d 991, 995 (11th Cir. 1989)).

Alabama law defines a members interest in limited liability company property. Specifically, Alabama Code § 10A-5-4.02 provides that a "member has *no interest* in *specific* limited liability company property." (emphasis added). Ally has not cited any law indicating that a member's right to participate in the management of the limited liability company and authority to bind the limited liability company are *interests in property* in the state of Alabama. Accordingly, Ally has failed to support its argument that the Trustee completely steps into the shoes of the sole member of a limited liability company and is the only one with the authority to file a counterclaim.

However, it appears to the Court that the Trustee of Goodson's bankruptcy estate may be a necessary third party to the Counterclaim. Even if Goodson retains the management rights to authorize legal action on behalf of his limited liability companies and has no interest in *specific* company property under Alabama law, the Trustee may have legal interests in the limited liability companies' property as an undivided whole under the U.S. Bankruptcy Code—and therefore have interest in any proceeds from this action. Accordingly, Dealer and WGMC shall, within fourteen (14) days of the date of this Opinion, serve the Trustee with notice of their Counterclaim so the Trustee can expressly disclaim any interest in this lawsuit or move to intervene.

C. Rule 12(b)(6).

Ally also contends that seven of eight of the counts in the Counterclaim are due to be dismissed under Rule 12(b)(6) for failure to state a claim. A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court."

*Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555

(2007)(internal citations omitted).[3] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.*

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). However, Rule 8 "does not impose a probability requirement at the pleading stage[; rather, it] simply calls for enough fact to raise a reasonable expectation that discovery will reveal

---

[3]In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *Bell Atl. Corp.*, 550 U.S. at 560-63. The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

evidence of" requisite elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007). Therefore, the U.S. Supreme Court suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1951-52).

    1.    Fraud.

First, Ally argues that Dealer and WGMC do not allege sufficient facts to plead their claim of fraud with particularity. Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be

alleged generally." The Eleventh Circuit has held that Rule 9 requires a party to plead "facts as to time, place, and substance of the defendant['s] alleged fraud, specifically, the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. ex rel. Sanchez v. Lymphatx, Inc.*, 596 F.3d 1300, 1302 (11th Cir. 2010) (quoting *U.S. ex rel. Clauson v. Laboratory Corp. of Am., Inc.*, 290 F.3d 1301, 1302 (11th Cir. 2002)). However, "Rule 9(b) must not be read to abrogate rule 8,. . . and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading." *Friedlander v. Nims*, 755 F.2d 810, 813 n.3 (11th Cir. 1985).

Dealer and WGMC contend that Ally "made a false representation that if Defendants met the demand of $1,000,000.00, they would be entitled to floor plan financing, and therefore, would be able to continue with the Dealership business." (Doc. 97 at 6; Doc. 81 at 7 ¶ 5.) Dealer and WGMC maintain that the facts regarding this allegation are made in paragraph 15 of the Counterclaim. (*Id.*) Counsel for Dealer and WGMC may be reviewing a different draft of the Counterclaim, because no such paragraph 15 exists

in the Counterclaim filed with the Court. (Doc. 81.) Paragraph 19 references a representative expressing surprise that Goodson was able to pay "the requirement of $1,000,000.00," but there are no factual allegations describing the alleged demand for $1,000,000.00 or the circumstances surrounding that alleged misrepresentation. Because there are no factual allegations as to "time, place, and substance" of the purported misrepresentation, Dealer and WGMC have not stated a claim for fraud.

    2.    Suppression.

In Alabama, the "elements of a suppression claim are 1) a duty to disclose the facts, 2) concealment or nondisclosure of material facts by the defendant, 3) inducement of the plaintiff to act, and 4) action by the plaintiff to his injury." *General Motors Corp. v. Bell*, 714 So. 2d 268, 280 (Ala. 1996) (citing *Wilson v. Brown*, 496 So. 2d 756 (Ala. 1986)). Under Alabama Code § 6-5-102, "silence is not fraud unless an obligation to communicate a material fact exists. Such an obligation may arise where a confidential relation or 'particular circumstances' exist." *Id*. (quoting *Trio Broadcasters, Inc. v. Ward*, 495 So. 2d 621 (Ala. 1986)).

Ally argues that Dealer and WGMC have not alleged any facts establishing a legally cognizable "duty to disclose." (Doc. 91 at 8-10.) Dealer and WGMC counter that they have, at the very minimum, alleged that they asked for the status of approval on their permanent floor plan financing (Doc. 81 at 3 ¶17), and a specific inquiry creates an obligation to disclose material facts—in this case, that Ally purportedly never intended to grant floor plan financing because it wanted to force Dealer out of business. *See Mason v. Chrysler Corp.*, 653 So. 2d 951, 954 (Ala. 1995). When determining whether a party has a duty to speak, "each case must be individually examined to determine whether a duty of disclosure exists; a rigid approach is impossible." *Trio Broadcasters, Inc. v. Ward*, 495 So. 2d 621, 624 (Ala. 1986) (quoting *Berkel & Co. Contractors, Inc. v. Providence Hosp.*, 454 So. 2d 496, 505 (Ala. 1984)). Dealer and WGMC have alleged enough facts to "raise a reasonable expectation that discovery will reveal evidence of" circumstances requiring the duty to disclose. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007). Accordingly, Ally's motion to dismiss the suppression claim will be denied.

### 3. Breach of Contract Claim Allegedly Precludes Others.

In the Counterclaim, Dealer and WGMC include a count for breach of contract. (Doc. 81 at 9-10.) The breach of contract claim is the only claim that Ally does not move to dismiss for failure to state a claim. Yet, Ally argues that Dealer and WGMC's suppression, conversion, negligence, and wantonness claims are due to be dismissed because they are merely breach of contract claims, which are not actionable in tort. (Doc. 91 at 10.) Ally further contends that Dealer and WGMC's unjust enrichment claim is due to be dismissed because Alabama law does not recognize an implied contract when an express contract exists. (Doc. 91 at 14-15.) Ally and WGMC maintain that their unjust enrichment, suppression, conversion, negligence, and wantonness claims are based on separate facts from their breach of contract claim. Even if the Court assumes that all of these claims are based on the same facts, parties are free to plead alternative claims, regardless of consistency. Fed. R. Civ. P. 8(d)(3). Whether the facts establish breach of an express contract, an implied contract, or violation of tort law is a decision best made after discovery has been conducted. Pleading inconsistent claims is not the proper basis for a 12(b)(6) motion.

4. Negligence.

Ally moves to dismiss Dealer and WGMC's claim for negligence for failure to plead facts that support the existence of a non-contractual duty. (Doc. 91 at 12.) However, "a duty of care can accompany a contractual obligation." *Armstrong Business Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 679 (Ala. 2001) (citing *Pugh v. Butler Tel. Co.*, 512 So. 2d 1317, 1319 (Ala. 1987)). "Due care is relative always and much depends upon the facts of the particular case." *Id.* (quoting *Cox v. Miller*, 361 So. 2d 1044, 1048 (Ala. 1978)). Given the contractual obligations alleged in the Counterclaim, there are enough facts to "raise a reasonable expectation that discovery will reveal evidence of" a duty of care accompanying those obligations. *Watts*, 495 F.3d at 1296. Ally's motion to dismiss the negligence claim will also be denied.

5. Abuse of Process.

Finally, Ally moves to dismiss Dealer and WGMC's claim for abuse of process. "The elements of the tort of abuse of process are 1) the existence of an ulterior purpose, 2) a wrongful use of process, and 3) malice." *Haynes v. Coleman*, 30 So. 3d 420, 425 (Ala. Civ. App. 2009) (quoting *C.C. & J., Inc.*

*v. Hagood*, 711 So. 2d 947, 950 (Ala. 1998)).  "The tort of abuse of process differs from the tort of malicious prosecution; the tort of abuse of process is concerned with the wrongful use of process *after it has been issued*, while the tort of malicious prosecution is concerned with the wrongful *issuance* of process."  *Id.* (quotations and citations omitted) (emphasis in original).  "*If the action is confined to its regular and legitimate function* in relation to the cause of action stated in the complaint there is no abuse . . . ." *Id.* at 426 (quoting *Dempsey v. Denman*, 442 So. 2d 63, 65 (Ala. 1983) (emphasis in original).

In the Counterclaim, Dealer and WGMC contend that Ally filed this lawsuit with an application for an Emergency Petition for Appointment of a Receiver in order to deny the Counterclaimants "profits, revenue[,] and investment opportunities to which they were duly entitled."  (Doc. 81 at 5 ¶27, 10 ¶25.)  They also maintain that Ally aggressively filed a motion for entry of default "without the benefit of a call or a letter."  (*Id.* at 5 ¶32.)  A party "cannot be held liable for abuse of process unless he or she somehow acted outside the boundaries of legitimate procedure after [the initiation of the proceeding]." *Haynes*, 30 So. 3d at 426 (internal quotations

omitted). Ally cannot be liable for abuse of process "simply because it prosecuted [another] with an ulterior purpose." *Willis v. Parker*, 814 So. 2d 857, 865 (Ala. 2001) (quoting *Hagood*, 711 So. 2d at 950). Because there are no factual allegations that Ally acted outside the boundaries of the regular and legitimate functions related to the causes of action stated in its complaint, Dealer and WGMC have not stated a claim for abuse of process. Ally's motion to dismiss this claim will be granted.

D. Arbitration.

The Court notes that Ally raises an "alternative" argument for dismissal in its reply brief in support of its motion to strike the Counterclaim. (Doc. 127 at 5-6.) Specifically, Ally argues that Dealer and WGMC are bound by the Inventory Financing and Security Agreement to resolve their claims in arbitration. A reply brief is an improper time to raise a new argument for dismissal. All of Ally's arguments for dismissal should be included in their motion and legal memorandum submitted contemporaneously therewith. The Court's briefing schedule did not allow Counterclaimants leave to file a surreply; therefore, they have not had an opportunity to respond to the "alternative" argument. If Ally wishes to raise

arbitration as an issue, it needs to file a motion doing so. The Court expresses no opinion whether the failure to raise arbitration at an earlier date constitutes waiver of that argument.

III. Conclusion.

For the reasons outlined above, Ally's motion to strike is DENIED and its motion to dismiss is GRANTED solely with regard to Dealer and WGMC's claims for fraud and abuse of process. In all other respects, the motion to dismiss is DENIED. A separate order will be entered.

Done this 15th day of September 2011.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297